## Coon Certified Concrete v. Local 401 et al.

*Robert J. Doran*, for plaintiff.

*E. C. Marianelli*, for defendants.

APONICK, J., April 29, 1949.—This is on an application for a preliminary injunction.

238

The gist of plaintiff's bill in equity is that on April 7, 1949, his employes, all members of defendant union, agreed to a change in rates but the union refuses to permit the men to work under the agreed-upon rates, insisting that they be paid a higher rate. It appears that the men are not working and that they are picketing plaintiff's premises carrying signs reading "On Strike" and "This Place Is Unfair To Teamsters' Union, Local 401." The prayer in the bill is for a permanent injunction and a preliminary injunction, pending final hearing to restrain the union from preventing the men from working, etc.

We held a hearing on the application. Plaintiff's evidence was that it offered the men a new rate and that it was told that the men agreed to the new rate but several days later the men refused to work and started picketing, carrying signs "On Strike" and "This Place Is Unfair To Teamsters' Union, Local 401." On defendants' behalf, the employes testified that while they might have been willing to work under the rate offered, they were now unwilling to work unless they received a higher or so-called "Scranton rate."

The application for preliminary injunction must be denied. Although plaintiff in its bill insists that there is no labor dispute involved, we reach a contrary conclusion. Under the Labor Anti-Injunction Act of June 2, 1937, P. L. 1198, sec. 3c, 43 PS §206c(c), the controversy before us definitely involves a labor dispute. Under the same act, we can only grant an injunction, permanent or temporary, in strict compliance with the act (sec. 4, 43 PS §206d). Section 9 of the act requires us to make certain findings of fact before issuing an injunction in a case involving a labor dispute. From the testimony before us, we are unable to make all the findings of fact which are required by that section; hence, we cannot grant the injunction.

Even if we were not confronted by the provisions of the Act of 1937, we would not, on the testimony before us, grant this request. The testimony fails to disclose any illegality or indeed any act on the union's part or on the part of its officers. Whatever picketing is complained of is being done by the employes themselves.

Motion for preliminary injunction is denied.